## GARCÍA v. THE AMERICAN RAILROAD COMPANY OF PORTO RICO.

## APPEAL from the District Court of Mayagüez.

### No. 734.—Decided May 28, 1912.

DAMAGES—CONTRADICTORY EVIDENCE—CAUSE OF ACCIDENT.—In cases where the evidence is contradictory the weight placed upon it by the trial court will not be disturbed unless it is shown that said court was influenced by passion, prejudice, or partiality or that it committed manifest error. According to this doctrine the trial court having found in this case that the injury was not accidental but due to the fault and negligence of the defendant, such finding should stand.

ID.—AMOUNT OF INDEMNITY—EXPENSES—WOUNDS AND PAINS OF INJURED PERSON.—It appearing from the evidence in this case that the plaintiff suffered blows which produced an abortion with the pains consequent thereto, although it is true that expenses for medicines and medical attendance to the amount of only $68 and some cents were proven to have been incurred by her a judgment for $1,000 damages is not excessive considering all the circumstances of the case and that said sum is within the amount claimed in the complaint.

The facts are stated in the opinion.

*Messrs. N. B. K. Pettingill* and *Fernando Vázquez* for appellant.

*Mr. José Benet* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

On March 15, 1910, a passenger train of the corporation The American Railroad Company of Porto Rico was derailed and its cars overturned between the stations of Filial Amor and San Germán.

The plaintiff, Dolores García Nazario, alleged that she was a passenger on that train and that, as a consequence, of the accident, she fell headlong upon the seats and woodwork of the car in which she was traveling, receiving severe blows on her breast, near her stomach, and all over her back, which caused her great pain and compelled her immediately to take to her bed, and as a result of said blows she had an abortion the following day that endangered her life, she being forced to remain in bed and receive medical assistance.

She further alleged that said railroad accident was due to the fault and negligence of the defendant corporation and its employes and not to any fault or negligence on the part of the plaintiff, and she prayed that judgment be rendered condemning The American Railroad Company of Porto Rico to pay her damages to the amount of $1,000 and costs.

The defendant corporation denied these facts, and after the trial the District Court of Mayagüez, which had cognizance of the case, on December 21, 1910, rendered judgment holding that the facts and the law were in favor of the plaintiff and adjudging the defendant to pay the sum of $1,000, at which the damages suffered by the plaintiff were estimated, besides the costs, which judgment was appealed from by the defendant.

The first two errors assigned by the defendant corporation in support of its appeal are based upon the ground that the evidence as to the causes of the derailment and the overturning of the cars, and also as to the fact of the abortion alleged by the plaintiff, was not properly weighed by the court below.

With regard to these two facts contradictory evidence was introduced at the trial, and in deciding against the defendant corporation the district court determined the conflict of evidence finding that the accident was not casual but due to the fault and negligence of the defendant because of the defective placing of a guardrail on the road over which the train was run and at the spot where the accident took place; and the court also held that the blows and abortion alleged by the plaintiff were the result of the overturning of the car in which the plaintiff was traveling.

As the trial judge had power to determine the conflict of the evidence, and as it has not been alleged nor shown that in the exercise of that power he acted with passion, prejudice, or partiality, and no manifest error appearing from the record, we must accept his decision on this point.

The third and last error assigned is based on the allow-

ance by the court of $1,000 damages when it was proved that only $68 and some cents were spent by the plaintiff for medicines and medical assistance.

Although it is true that those payments are the only ones that have been proved, however, as it appears from the evidence that the plaintiff suffered several blows which caused an abortion, with the consequent suffering, the amount of damages having been fixed taking into account all these circumstances, and the same being within the amount claimed in the complaint, we see no reason for sustaining that the error assigned was committed, and we have already held so in the cases of *Díaz* v. *San Juan Light & Transit Co.,* 17 P. R. R., 64; *Aurelia Ramírez* v. *The American Railroad Company,* 17 P. R. R., 440; and *Hernández* v. *The American Railroad Company,* 18 P. R. R., 295.

In view of the foregoing reasons we see no grounds upon which to reverse the judgment appealed from, which should be affirmed and the appeal, denied.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.